IN THE DISTRICT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROILINA

Deborah F. Johnson,                    )
                                       )        Civil Action No. 6.10-1910-RMG
                  Plaintiff.           )
                                       )        **ORDER**
        vs.                            )
                                       )
Michael J. Astrue,                     )
Commissioner of Social Security,       )
                  Defendant.           )
                                       )

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42. U.S.C. §§ 405(g) and 1383(c). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. The Magistrate Judge issued a Report and Recommendation recommending that the decision of the Commissioner denying benefits be affirmed. (Dkt. No. 12). Plaintiff has failed to object to the to the Magistrate Judge's Report and Recommendation. As detailed herein, after a review for errors, this Court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision to deny benefits.

### Standard of Review

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the

recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The Court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

2

## Discussion

The Magistrate Judge recommends that the court affirm the Commissioner's decision. (Dkt. No. 12). Plaintiff filed an application for DIB and SSI on April 9, 2006 and April 10, 2006, respectively. The applications were denied initially and on reconsideration by the Social Security Administration. After three hearings before an administrative law judge (ALJ) were held, the ALJ found Plaintiff was not disabled as defined in the Social Security Act for purposes of DIB and SSI. Plaintiff's request for review was denied by the Appeals Council, and the ALJ's decision became the Commissioner's final decision for purposes of judicial review. Thereafter, Plaintiff filed this action to obtain judicial review of the Commissioner's final decision. (Dkt. No. 1).

In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by her age, education, experience, and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. The regulations require the ALJ to consider, in sequence:

> (1) whether the claimant is engaged in substantial gainful activity;
> (2) whether the claimant has a "severe" impairment;
> (3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 4, Subpart P, Appendix 1 ("the Listings"), and thus is presumptively disabled;
> (4) whether the claimant can perform his past relevant work; and
> (5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in the process, review does not proceed to the next step. *Id.*

3

A claimant is not disabled within the meaning of the Social Security Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling ("SSR") 82-62, 1982 WL 31386 at *3. Accordingly, the claimant bears the initial burden of making a prima facie showing that he is unable to return to his past relevant work because of his impairments. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983). Once the claimant has established his prima facie case of disability, the burden shifts to the Commissioner who must establish the claimant has the residual functional capacity (RFC) to perform alternative jobs that exist in the national economy. *Id.*

At the administrative level, after a thorough review of the evidence and testimony in the case, the ALJ concluded that Plaintiff was not disabled and, therefore, not entitled to the benefits and income sought. After a careful *de novo* review and consideration of the evidence and the arguments presented, this Court finds that there is substantial evidence in the record to support the conclusion of the ALJ that Plaintiff was not disabled as that term is defined in the Social Security Act. Accordingly, the denial of benefits is affirmed as detailed herein.

**I.    Background**

Plaintiff was 49 years old on her alleged onset date of January 14, 2006, when she alleges she became disabled and unable to work due to limitations caused by seizures, an inability to use her hands and feet, and depression. (Tr. 224). Plaintiff has a tenth or eleventh-grade education, and past work experience as a housekeeper, material manager, and switch board operator. (Tr. 37, pl. brief at 2).

The ALJ concluded that Plaintiff was not disabled under the Social Security Act because she retained the residual functional capacity ("RFC") as of October 21, 2006, to perform simple,

4

routine light work with both exertional and non-exertional limitations. (Tr. 30). Although the ALJ found Plaintiff's limitations would preclude her past relevant work (Tr. 20), he found that within 12 months of her application for benefits, she could perform the jobs of cafeteria attendant, vending machine attendant, and mail clerk/sorter. (Tr. 31). Plaintiff contends the ALJ's decision is not supported by substantial evidence and that the ALJ erred in failing to find her disabled by: (1) failing to give controlling weight to the opinions of her treating physicians concerning the severity of her symptoms after October 20, 2006; (2) finding that she did not meet Listing 12.04 for at least 12 months; (3) failing to properly consider her credibility; (4) failing to properly consider the combined effect of her impairments; and (5) finding that she can perform other jobs in the national economy. (Dkt. No. 9).

## II.    Law/Analysis

### A.    Treating Physicians

First, Plaintiff contends that the ALJ erred in properly evaluating the opinions of her treating physicians. Typically the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability." *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). "If [the Commissioner] finds that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptably clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, [the Commissioner] will give it controlling weight." *Id.*

However, if controlling weight is not accorded, a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and applicant,

5

(3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less controlling weight to such an opinion. *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Ruling 96-2p requires that an ALJ give specific reasons for the weight given to a treating physician's medical opinion. SSR 96-2p, 1996 WL 374188. The ALJ must explain the rationale of disregarding the opinion of the treating providers and provide "persuasive contradictory evidence." *Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983); *Harmon v. Astrue*, 2010 WL 3786496 at 4 (D.S.C. 2010) (J. Norton).

Here, in assessing the severity of Plaintiff's mental impairments, the ALJ gave little weight to the opinions of Dr. Valite, Dr. Days, and Dr. Gore issued from November 2006 to January 2007, because the ALJ found these opinions were inconsistent with the evidence that showed Plaintiff's condition had actually improved in late October 2006 after being prescribed to Cymbalta. (Tr. 22-23). Therefore, the ALJ chose to adopt the opinion of Dr. Strahl, a psychiatrist who reviewed the entire medical record and concluded in August 2009 testimony that Plaintiff's condition improved after October 2006, when her medication was changed. (Tr. 85-92; *see* Tr. 17-18, 26-27). A non-examining physician's assessment only fails to meet the substantial evidence standard "when it is contradicted by all other evidence in the record." *Smith v. Schweiker*, 795 F.2d 343, 345-46 (4th Cir. 1986) (citations omitted) (emphasis in original). Otherwise, an ALJ is free to rely on the non-examining physician's assessment or to chart a middle course that takes into account several varying opinions. *Id.* at 346.

In this case, the ALJ discussed in detail other evidence in the record that supported Dr. Strahl's conclusion that Plaintiff's condition improved after October 2006 upon changing

medication.  (Tr. 17-18, 21-27).  For instance, Plaintiff reported more involvement in daily activities.  (Tr. 55-57, 976, 1023).  Moreover, Dr. Isbell noted that Plaintiff's condition had improved and she was doing "somewhat better."  (Tr. 960).  Plaintiff also told her treatment providers that her mood was good and that she was happy.  (Tr. 1121-22, 1308).  Furthermore, medical examinations routinely revealed that Plaintiff's depression was in a stable state.  (*See, e.g.*, Tr. 1278, 1281, 1284, 1287, 1291, 1293, 1295, 1297, 1299, 1301, 1303-04, 1308, 1443-44). Plaintiff's treatment after October 2006 was conservative and consisted essentially of medication and outpatient care, the only exception being a period of time in May and June 2008, when Plaintiff was hospitalized.  (Tr. 1121).  Lastly, an evaluation in March 2009 revealed that Plaintiff's condition had stabilized, and Dr. Whitley opined that Plaintiff's mental impairments caused only mild to moderate limitations.  (Tr. 1027; *see* Tr. 25-26).

Accordingly, upon review of the ALJ's decision and the medical evidence, the Record contains substantial evidence to support the ALJ's finding that Plaintiff's mental impairments responded to treatment to the point that they did not completely limit her ability to work after October 21, 2006.  Thus, the Court finds the ALJ did not err in according less than controlling weight to the opinions of Dr. Vitale, Dr. Days, and Dr. Gore and giving greater weight to the opinion of Dr. Strahl.  *See Koonce v. Apfel*, 166 F.3d 1209 (4th Cir. 1999) ("An ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up specious inconsistencies or has not given good reason for the weight afforded a particular opinion.") (internal citations and quotations omitted).

**B.    Listing 12.04**

Second, Plaintiff contends that the ALJ erred in failing to find that she satisfied the Paragraph B criteria of Listing 12.04 for at least 12 months.  To be disabling, an impairment or combination of impairments must be so functionally limiting as to preclude any substantial gainful activity for 12 consecutive months. *See, e.g., Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986).  Specifically, Paragraph B requires that Plaintiff's mental disorder result in at least two of the following: (1) marked restriction of activities of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration.  20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04.

Here, the ALJ found that Plaintiff's satisfied only *one* of the above criterion for Paragraph B, which was that her mental disorder resulted in *marked* difficulties in maintaining concentration, persistence, or pace.  Thus, the ALJ correctly found that Plaintiff did not satisfy the Paragraph B criteria for 12 consecutive months.  Plaintiff asserts that she also had *marked* restrictions of daily living.  The record, however, contains substantial evidence to support the ALJ's conclusion that Plaintiff's wide variety of daily activities  were not limited to the extent of being *marked*.  Plaintiff told Dr. Gore that she was able to cut the grass, drive, do laundry, cook, care for her son, shop, manage her own funds, and manage her personal activities.  (Tr. 976).  Plaintiff also told Dr. Whitley that she was able to follow directions, organize her own schedule using a calendar, properly dress for weather and situations, use a microwave oven and cook simple items on the stove, perform all of her own shopping, do some household chores, and drive.  (Tr. 1023).  Furthermore, Plaintiff testified that she made her bed; fed, dressed, bathed, and showered herself; swept; dusted; and attended church twice weekly.  (Tr. 55-56).  Thus,

based upon the foregoing, the Court finds the ALJ's finding that Plaintiff's impairment did not meet the Paragraph B criteria is based upon substantial evidence.

### C.    Credibility

Third, Plaintiff contends that the ALJ failed to properly evaluate her credibility. When evaluating a claimant's complaints of pain and other symptoms, the Commissioner must undertake a two step process. First, there must be objective medical evidence showing the existence of impairments "which could reasonably be expected to produce the symptoms alleged.." 20 C.F.R. § 416.929(b); *See also*, *Craig v. Chater*, 76 F.3d 585, 593, 595 (4th Cir. 1996). Second, once the claimant establishes that the proven medical condition could produce the symptoms alleged, the Commissioner must evaluate the "intensity and persistence" of the symptoms and how it affects the claimant's ability to work. 20 C.F.R. § 416.929(); *See also*, *Chater*, 76 F.3d 585, 593, 595. This can be demonstrated by various types of evidence, which can include the subjective statements of the claimant. Where the claimant's credibility is at issue regarding subjective complaints of symptoms, SSR 96-7p states that the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record." Furthermore, any determination of the claimant's credibility must contain "specific reasons...supported by the evidence in the case record, and must be sufficiently specific to make clear...the reasons for that weight." SSR 96-7p.

In this case, the ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, her statements regarding the intensity, persistence, and limiting effects of the symptoms were not entirely credible. (Tr. 30). In evaluating Plaintiff's credibility, the ALJ considered the variety of Plaintiff's activities as discussed above. (Tr. 29). Further, the ALJ noted inconsistencies

between the record and Plaintiff's complaints. For instance, Plaintiff claimed that things fell out of her hands, but there was no medical evidence that she had an impairment that affected the use of her hands. (Tr. 29; *see* Tr. 224). Plaintiff also testified that she fell down and needed a walker, but the evidence revealed that she ambulated normally and, while she had seizures for a brief period of time, they were no longer an issue. (Tr. 29; *see* Tr. 224, 635, 736, 1122). In her brief, Plaintiff cites evidence that supports her complaint. (pl. brief at 10-11). However, the question for the Court is not whether the evidence supports Plaintiff's contentions, but whether substantial evidence supports the ALJ's decision.

Thus, based on the foregoing, the Court finds that the ALJ properly evaluated Plaintiff's credibility, and substantial evidence supports his finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible.

### D.    Combined Effect of Impairments

Fourth, Plaintiff contends that the ALJ erred in failing to consider the combined effect of all her impairments in assessing the RFC. It is well settled that where a Social Security claimant for disability benefits has multiple impairments the Commissioner "shall consider the combined effect of the individual impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 423 (d)(2)(B). *See also*, 20 C.F.R. § 404.1523. This requires the ALJ to both consider the cumulative effect of the claimant's individual impairments and to "adequately explain his or her evaluation of the combined effect of impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). *See also*, *Saxon v. Astrue*, 662 F.Supp.2d 471, 479 (D.S.C. 2009) (J. Blatt) ("judges in the District of South Carolina have reiterated the importance of the ALJ providing an adequate explanation of the evaluation of the combined effect of the impairments"); *Lemacks v. Astrue*, 2008 WL

10

2510087 at 4 (D.S.C. 2008) (J. Harwell) (remand necessary where ALJ failed to address the "compounding effects" of claimant's multiple impairments); *Alonzeau v. Astrue*, 2008 WL 313786 at 3 (D.S.C.) (J. Seymour) (failure of the ALJ "to adequately explain his evaluation of the combined effects of Plaintiff's impairments" requires remand).

In this case, the ALJ sufficiently addressed and analyzed the combined effect of Plaintiff's impairments on her ability to work and met the statutory and regulatory requirements. 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. 404.1523. Accordingly, the Court finds Plaintiff's allegation of error is without merit.

### E.    Vocational Expert

Lastly, Plaintiff contends that the ALJ erred in relying on the vocational expert's testimony.    (pl. brief at 12).  Specifically, Plaintiff alleges that "the ALJ failed to adequately consider how the plaintiff's work history, her lack of education, and her advanced age of 54 would prevent her from making such an extreme vocational adjustment." (pl. brief at 13-14). "[I]n order for a vocational expert's opinion to be relevant or helpful, it must be based on a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Walker v. Bowen*, 88 F.2d 47, 50 (4th Cir. 1989) (citation omitted).  As discussed above, the ALJ rejected Plaintiff's subjective complaints due to their inconsistency with the RFC, and this Court found the ALJ's determination of the RFC was based upon substantial evidence. The ALJ specifically noted that in determining whether a successful adjustment to other work can be made, he must consider Plaintiff's RFC, age, education, and work experience in conjunction with the Medical Vocational Guidelines. (Tr. 31). While he found Plaintiff did not have the RFC to perform a full range of light work, the ALJ asked the vocational expert whether jobs existed in the national economy for

11

a person with Plaintiff's age, education, work experience, and RFC. Thereafter, the vocational expert identified the jobs of cafeteria attendant, vending machine attendant, and mail clerk/sorter. (Tr. 31).

Plaintiff argues that she should be found disabled on the basis of a paragraph in SSR 85-15 that provides "[s]omeone who is of advanced age" and has other attributes will "generally be found disabled." (pl. brief at 14). *See* SSR 85-15, 1985 WL 56857, at *5. However, this argument is without merit and the provision does not apply to Plaintiff as she was 54 years old, which is not of advanced age. *See* 20 C.F.R. pt. 404, subpt. P, app 2, §200.00(g) (individuals 50 to 54 are "approaching advanced age"). Furthermore, this section does not require a finding of disability, providing instead that the described individuals may be found disabled, but leaving discretion to the adjudicator to determine if the individual is actually disabled. *See* SSR 85-15, 1985 WL 56857, at *5. Accordingly, based on the foregoing, the Court finds Plaintiff's allegations of error fails.

## Conclusion

For the reasons set forth above, this Court concludes that the findings of the Commissioner are supported by substantial evidence and adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner to deny benefits.

**AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Court Judge

July 26, 2011
Charleston, South Carolina